JACOB MORSE *v.* ROBERT C. BOYD ET AL.

**Evidence—Facts de Hors an Entry Under a Patent.**
    Where it appears upon the face of a patent that it is illegal, it may
    be considered null and void, but evidence of a fact de hors the patent
    is inadmissible in a collateral proceeding to avoid or defeat it.

APPEAL FROM CALDWELL CIRCUIT COURT.

May 11, 1871.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This action of ejectment was brought to recover the possession of certain lands claimed to be covered by a patent issued to William Leavis on the 11th day of June, 1807, upon a certificate of entry bearing date of —— day of February, 1802. The appellant claimed under a patent issued to Cornelius Merry on the 25th of August, 1806, on a certificate of entry bearing date the —— day of November, 1804. The agreed facts in the record show that both patents aver the land in controversy. Upon their faces, both patents seem to have been issued under the provisions of "an act for settling and improving the vacant lands of this Commonwealth," approved December 20th, 1800. There can be no doubt but that the title of the Commonwealth to the land covered by the same passed to the patentee by the patent issued to Merry, and that under the same he and his vendees can hold as against the world so long as the patent remains in full force, unless it is void.

Upon its fact it does not appear to be void, and in a contest between those holding under Merry, and those claiming under a junior patent its validity cannot be questioned. In the case of *Bledsoe's Devisees v. Wells, 4th Bibb, 330,* this court held that when it appears upon the face of a patent that it is illegal, it may be considered void and treated as a nullity, but that evidence of a fact *de hors* the patent was inadmissible in a collateral proceeding to avoid or defeat it. The fact appears from the face of the Travis patent that his, which was the older entry, covers a portion of the land patented to Merry. This fact in a direct proceeding to vacate Merry's patent to the extent of the land so averred might

be sufficient to entitle those who claim under him to relief, but according to the doctrine in case of *Bledsoe's Devisees v. Wells,* which has been frequently referred to in terms of approval by this court in subsequent cases, such a fact was inadmissible to impeach it in this proceeding.

The judgment against appellant, Morse, must therefore be reversed. The cause is remanded, with instructions to dismiss appellees' petition as to him.

*Marble, for appellant.*

*Hewlett, for appellee.*